UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Lynn Davidson,

Plaintiff,

vs. ORDER

Aetna Life Insurance Company,

Defendant. Civ. No. 00-2345 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 13th day of March, 2002.

* * *

This is an action for the recovery of benefits from a Long Term Disability Plan, which is governed by the Employee Retirement Income Security Act, Title 29 U.S.C. §1001 et seq. ("ERISA"). The action was removed to this Court, from State Court, by the Defendant Aetna Life Insurance Company ("Aetna"), on October 20, 2000. See, Docket No. 1. Soon thereafter, the parties stipulated to a stay of the case in order that the Plaintiff could exhaust her administrative remedies, as required by ERISA, and the stipulation was adopted by the District Court, the Honorable John R. Tunheim presiding, on November 3, 2000. See, Docket No. 3. The Plaintiff

FILED MAR 13 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK J.H.

did exhaust her administrative remedies, and has now moved to amend her Complaint. See, Docket No. 4.

By the Amended Complaint, the Plaintiff seeks to add, as a party-Defendant, Avon Products, Inc. ("Avon"), which was the Plaintiff's employer at the time of her injury, since Aetna claims that it was Avon's decision to deny the Plaintiff benefits. See, Plaintiff's Memorandum of Law, at 1. Except for a few clarifications, which the Plaintiff has addressed, see, Letter from the Plaintiff to the Clerk of Court dated March 12, 2002, Aetna does not take a position on the Plaintiff's Motion to Amend. See, Affidavit of Doreen A. Mohs, at ¶1 [Docket No. 7].

A. Standard of Review. In support of her Motion to amend the Complaint, the Plaintiff has framed her argument in the setting of Rule 15(a), Federal Rules of Civil Procedure, which provides, where pertinent, as follows:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires.

In construing this Rule, the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

> amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

"[A]lthough we begin with a presumption of liberality, an amendment to a pleading can be successfully challenged on grounds of futility, if the claims created by the amendment would be unable to withstand a Motion to Dismiss." Ulrich v. City of Crosby, 848 F. Supp. 861, 877 (D. Minn. 1994), and cases cited therein. In sum, "the right to amend the pleadings is not absolute," and "the granting of a Motion to amend the pleadings is vested in the sound discretion of the Trial Court." White Consolidated Industries, Inc. v. Waterhouse, 158 F.R.D. 429, 434 (D. Minn. 1994); see also, Upsher-Smith Laboratories v. Mylan Laboratories, 944 F. Supp. 1411, 1442 (D. Minn. 1996).

B. Legal Analysis. As noted, the Plaintiff seeks to amend her Complaint in order to add Avon as a Defendant, and in order to clarify certain of the allegations in her original Complaint. Since this case has been stayed for the past year and one-half, no Scheduling Order was entered in the action and, therefor, this amendment is not untimely. Moreover, the Defendant does not contend that the Plaintiff has been slow in seeking the amendment, that the amendment would be futile, or that it would otherwise be

prejudiced by the amendment. Further, given the contentions of the parties, it appears that Avon would be a proper party to these proceedings. Thus, in accordance with the dictates of Rule 15(a), we grant the Plaintiff's Motion to Amend her Complaint.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Amend the Complaint [Docket No. 4] is GRANTED.

2. That the Plaintiff is directed to file and serve her Amended Complaint in accordance with the applicable Federal Rules of Civil Procedure.

3. That, upon the appearance of the Defendant Avon Products, Inc., the Court will conduct an Initial Pretrial Conference in accordance with Rule 16, Federal Rules of Civil Procedure.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE