UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Lynn R. Davidson,

Plaintiff,

vs. MINUTE ORDER

Aetna Life Insurance Co.,
and Avon Products, Inc.,

Defendants. Civ. No. 00-2345 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of July, 2002.

* * *

On July 29, 2002, we heard argument on the Plaintiff's informal Motion to obtain guidance on which of the legal counsel for the Defendant Avon Products, Inc. ("Avon"), will serve as lead counsel upon whom pleadings, and related discovery responses, can be served. At the time of the Hearing, the Plaintiff appeared by James W. Balmer, Esq.; Avon appeared by J.D. Feriancek and Karen Wildau, Esqs.; and the Defendant Aetna Life Insurance Co. ("Aetna") appeared by Gregory M. Weyandt, Esq. For reasons expressed at the close of the Hearing, and briefly reiterated below, we grant the Plaintiff's informal Motion.

Avon is represented by both local counsel, and counsel located in Atlanta, Georgia. The Plaintiff expresses concern that, without

FILED JUL 29 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK J.H.

knowing who will be lead counsel, miscommunication could result. Further, the Plaintiff objects to being required to serve voluminous discovery responses -- that is, documentary evidence responsive to Requests for Production of Documents -- upon both counsel for Avon. For its part, Avon denies that the document duplication expense will be appreciable, and expresses the same concern for miscommunication, if local counsel is not copied on all pleadings, so as to assure that Avon is in compliance with our Local Rules. Both the Plaintiff, and Avon, have valid arguments. Accordingly, we direct that the Plaintiff be required to serve all pleadings, except voluminous document responses, upon both local counsel, and national counsel, to Avon. If voluminous document responses are required, the Plaintiff need only serve those responses on Avon's counsel, in Atlanta, Georgia, who shall serve as Avon's lead counsel in these proceedings. On any such occasion, counsel for the Plaintiff shall serve the transmittal letter, which accompanies any voluminous document responses, upon local counsel, with a highlighted notation, that the voluminous documents are only being served upon lead counsel.

Although counsel for Aetna expressed no objection to providing all pleadings, inclusive of voluminous document responses, upon local counsel for Avon, we extend this same approach to Aetna, so as to minimize unnecessary expense occasioned by our Local Rules,

and Avon's legitimate interest in engaging its national counsel to advance its defenses in this litigation.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's informal Motion for guidance is GRANTED, as is more fully explained in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE